IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR15-4058 |
| vs. | REPORT AND RECOMMENDATION |
| CESAR RAMOS, | |
| Defendant | |

This matter comes before the Court on the Motion to Dismiss Indictment (docket number 13) filed by Defendant on January 27, 2016. The Government filed a Resistance (docket number 16) on February 3. Defendant filed a Response (docket number 18) to the Government's resistance on February 4. On February 18, 2016, Judge Leonard T. Strand referred this matter to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. PROCEDURAL BACKGROUND

On September 23, 2015, Defendant Cesar Ramos was charged by Indictment with three separate counts of making a false material declaration in violation of 18 U.S.C. § 1623. Defendant appeared on January 11, 2016, and entered a plea of not guilty. Trial is scheduled on April 4, 2016.

On January 27, 2016, Defendant filed the instant motion to dismiss indictment.

## II. RELEVANT FACTS

On January 23, 2015, Defendant was called as a witness for the Government at the sentencing hearing of Jamal Dean.[1] Defendant was called to testify regarding Dean's involvement in the shooting of Jaime Espinoza. Defendant testified as follows:

**BY MR. FAIRCHILD:**

Q:  In March of 2012, were you part of a street gang?
A:  Yes.
Q:  What gang?
A:  Florencia.
Q:  And did you know a man by the name of Outlaw?
A:  Yes.
Q:  And who is Outlaw?
A:  Jamal [Dean].
Q:  And you've just indicated -- you see Jamal here in the courtroom?
A:  Yes.
Q:  Do you know a person by the name of Clowner?
A:  Yes, sir.
Q:  And who is Clowner?
A:  Jaime [Espinoza].
Q:  Was he a member of F13 [(Florencia)]?
A:  No.
Q:  What gang was he a member of, if any?
A:  Latin King.
Q:  I want to direct your attention to about March 20 of 2012. Did you receive a call from Jamal Dean?
A:  I don't remember.
Q:  Previously you were interviewed about this subject; is that right?
A:  I don't remember.
Q:  And you were prepped yesterday; is that right?
A:  I don't remember.
Q:  You've answered three times you don't remember. Is that right?

---

[1] *United States v. Jamal Dean*, 5:13-cr-04082 (N.D. Iowa).

**THE COURT:**

Q:  You don't remember being prepared as a witness yesterday, Mr. Ramos?

**THE WITNESS:**

A.  No, sir.

**BY MR. FAIRCHILD:**

Q:  You're aware that you're under oath; is that right?

A:  (Witness nodded head.)

Q:  And you're refusing to answer these questions; is that right?

A:  Yes, sir.

Q:  And are you refusing because you think a truthful answer would tend to incriminate you?

A:  No, sir.

Q:  You just want to quarrel with the government; is that right?

A:  What do you mean quarrel?

Q:  You just don't want to help me; right?

A:  Yes, sir.

Q:  Because you're an F13 member; right?

A:  Not no more.

Q:  Oh, really. So that is totally coincidental then to the fact that you're now not going to testify. . . .
Isn't that right? Your F13 association is why you're refusing to testify now.

A:  No, sir. . . .

**THE COURT:**

Q:  Why are you refusing to testify?

A:  I don't remember. That's why.

Q:  That's crap, and you know it. Why are you refusing to testify?

A:  Because I don't remember.

Q:  I don't believe that. That's perjury.

Jamal Dean's Sentencing Transcript at 61:20-64:10; attached as Exhibit A to Defendant's

Motion to Dismiss Indictment (docket number 13).

In a three-Count Indictment, the Government alleges Defendant made false material

declarations by claiming not to remember whether: (1) he received a call from Jamal Dean

in March 2012; (2) he was previously interviewed about Dean's call and Dean's involvement in the shooting of Jaime Espinoza; and (3) he was "prepped" by the Government the day before Dean's sentencing hearing. Defendant moves for dismissal of the Indictment because his "testimony or lack of testimony was not material in this criminal sentencing or its ultimate outcome." Defendant argues the materiality of the alleged perjury is a question of law, and not a question for a jury.

## III. DISCUSSION

Defendant does not identify a particular rule of criminal procedure applicable to his motion to dismiss. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) provides, however, that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Defendant apparently asserts that because his "testimony or lack of testimony was not material in this criminal sentencing or its ultimate outcome," the indictment fails to "state an offense." *See* Rule 12(b)(3)(B)(v). An offense is adequately stated in an indictment if:

> it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted.

*United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008) (quoting *United States v. Hernandez*, 299 F.3d 984, 992 (8th Cir. 2002), in turn quoting *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993)).

Defendant is charged with three counts of making a "false material declaration" in violation of 18 U.S.C. § 1623(a). Title 18 U.S.C. section 1623(a) provides in pertinent part:

> Whoever under oath . . . in any proceeding before or ancillary
> to any court . . . of the United States knowingly makes any
> false material declaration . . . shall be fined under this title or
> imprisoned not more than five years, or both.

Accordingly, the Government must prove:

> (i) while under oath, and (ii) testifying in a proceeding before
> a court of the United States, (iii) the defendant knowingly
> made, (iv) a false statement, and (v) the testimony was
> material to the proof of the crime.

*United States v. Sablosky*, 810 F.2d 167, 169 (8th Cir. 1987) (citing *United States v. Boberg*, 565 F.2d 1059, 1061 (8th Cir. 1977)). "The test for the fifth element of perjury, materiality, is whether the alleged false testimony was capable of influencing the tribunal on the issue before it." *Id.* (citing *United States v. Jackson*, 640 F.2d 614, 616 (8th Cir. 1981)). Furthermore, "[t]he perjured statement need not be material to any particular issue, but may be material to any proper matter of inquiry, including credibility of a witness." *Id.*

Defendant's assertion that "[i]n federal courts the issue of materiality of the alleged perjury is for the court and not the jury" is incorrect.[2] In *United States v. Gaudin*, the United States Supreme Court held "[t]he Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged. The trial judge's refusal to allow the jury to pass on the 'materiality' of Gaudin's false statements infringed that right." 515 U.S. 506, 522-23 (1995). In *Johnson v. United States*, the Supreme Court reiterated its position, holding "there is no doubt that materiality is an element of perjury under § 1623. . . . *Gaudin* therefore dictates that materiality be decided by the jury, not the court." 520 U.S. 461,

---

[2] Defendant's Motion to Dismiss Indictment (docket number 13) at 4.

465 (1997). In *United States v. Ferro*, the Eighth Circuit Court of Appeals applied the principles of *Gaudin*, explaining that in *Gaudin*:

> the Supreme Court held that, when materiality is an element of a criminal fraud offense, the question of materiality must be submitted to the jury. Prior to *Gaudin*, our court considered materiality to be an issue of law for the court in a criminal fraud prosecution, and we approved of the district court holding a pretrial hearing on this question and dismissing the indictment if the government failed to establish that an allegedly fraudulent statement was material. . . . After *Gaudin*, however, this procedure is no longer appropriate, because materiality is an issue for the jury. Now, so long as the indictment contains a facially sufficient allegation of materiality, federal criminal procedure does not "provide for a pre-trial determination of sufficiency of the evidence." *United States v. Critzer*, 951 F.2d 306, 307-08 (11th Cir. 1992).

252 F.3d 964, 967-68 (8th Cir. 2001); *see also United States v. Raether*, 82 F.3d 192, 193 (8th Cir. 1996) (providing that materiality is a question for the jury to decide).

Defendant asserts, however, that under the "peculiar facts" of this case, the issue of materiality is one for the Court.[3] In arguing that his testimony at Dean's sentencing was not "material," Defendant notes that Judge Bennett ultimately sentenced Dean to life imprisonment. That is, even if Defendant testified falsely at the sentencing hearing, "it did not change the outcome in the Jamal Dean case. Since it did not change the outcome, it was not material."[4] Defendant concedes in his response to the Government's resistance that "[h]ad Judge Bennett given Jamal Dean a 30 year sentence because of a lack of

---

[3] Defendant's Response (docket number 18) at 1, ¶ 1.

[4] *Id.* at 2, ¶ 2.

convincing evidence then perhaps the Government's filing of perjury charges would carry some weight."[5]

I believe Defendant's argument misses the mark. The issue is not whether Defendant's testimony *actually* influenced Judge Bennett's sentencing decision; the issue, rather, is whether the testimony was *capable* of influencing Judge Bennett's decision. *Sablosky*, 810 F.2d at 169 (The test for materiality is "whether the alleged false testimony was capable of influencing the tribunal on the issue before it.") That is, the fact that there was apparently sufficient additional evidence to support the imposition of a life sentence for Dean does not give Defendant a free pass to lie under oath when his testimony was capable of influencing the outcome.

Furthermore, Defendant's claims that he did not remember being previously interviewed by law enforcement regarding Dean's call and Dean's involvement in the shooting of Jaime Espinoza, and couldn't remember being prepped by the Government the day before Dean's sentencing hearing, were material to his credibility as a witness. *See Sablosky*, 810 F.2d at 169 ("The perjured statement need not be material to any particular issue, but may be material to any proper matter of inquiry, including credibility of a witness.").

The issue of materiality is one for the jury. *Gaudin*, 515 U.S. at 522-23; *Ferro*, 252 F.3d at 967-68. I believe the materiality of Defendant's allegedly false statements at Jamal Dean's sentencing hearing cannot be determined as a matter of law by the Court. Defendant is not entitled to summary dismissal and his motion to dismiss should be denied.

---

[5] *Id.* at 2, ¶ 5.

## IV. RECOMMENDATION

For the reasons set forth above, I respectfully **RECOMMEND** that the Motion to Dismiss Indictment (docket number 13) filed by Defendant on January 27, 2016, be **DENIED**. The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court.

DATED this 7ᵗʰ day of March, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA