**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>vs.<br><br>CESAR RAMOS,<br><br>　　　　　Defendant. | No. CR15-4058-LTS<br><br>**MEMORADUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I.　　INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed on March 7, 2016, by the Honorable Jon Stuart Scoles, Chief United States Magistrate Judge. *See* Doc. No. 30. Judge Scoles recommends that I deny defendant Cesar Ramos' motion (Doc. No. 13) to dismiss the indictment. Ramos filed timely objections (Doc. No. 35) to the R&R on March 14, 2016. Plaintiff (the Government) has not yet filed a response. Because trial is set to begin April 11, 2016, I will consider the R&R without awaiting the Government's response. The procedural history and relevant facts are set forth in the R&R and are repeated herein only to the extent necessary.

## II.　　APPLICABLE STANDARDS

*A.　Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo

> determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).


B.  *Motion to Dismiss Standards*

Federal Rule of Criminal Procedure 12(b) authorizes pretrial motions to present "any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Certain defenses and objections are waived if not

2

raised by pretrial motion, including "a defect in the indictment" and "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B). An indictment is defective, and thus subject to pretrial challenge pursuant to Fed. R. Crim. P. 12(b)(3)(B), if it alleges a violation of a statute that is unconstitutional. *See, e.g.*, *United States v. Brown*, 715 F. Supp. 2d 688, 689–90 (E.D. Va. 2010) (citing *In re Civil Rights Cases*, 109 U.S. 3, 8–9 (1883)).

A motion to dismiss for failure to state an offense pursuant to Rule 12(b)(3)(B)(v) may attack the sufficiency of the allegations but not the sufficiency of the evidence. "It has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." *United States v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999) (citing *Costello v. United States*, 350 U.S. 359, 363–64 (1956)). Such a motion may be granted only if no reasonable construction of the indictment can be said to charge the offense. *United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995) (quoting *United States v. Peterson*, 867 F.2d 1110, 1114 (8th Cir. 1989)). An indictment will survive a motion to dismiss "if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Carter*, 270 F.3d 731, 736 (8th Cir. 2001). In reviewing the sufficiency of an indictment, the court must accept the Government's allegations as true. *United States v. Steffen*, 687 F.3d 1104, 1107 n.2 (8th Cir. 2012).

A motion to dismiss an indictment is not the same as a civil a motion for summary judgment, whereby a defendant would be able to test the sufficiency of the Government's evidence in advance of trial. *See United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001); *United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995) ("There being no equivalent in criminal procedure to the motion for summary judgment that may be made in a civil case, see Fed. R. Civ. P. 56(c), the Government has no duty to reveal all of its proof before trial."). The trial is the moment at which the defendant may challenge the

sufficiency of the evidence. Once the Government rests, the defendant may move for acquittal pursuant to Fed. R. Crim. P. 29. *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000).

## III.  THE R&R

The Government called Ramos as a witness in the sentencing of Jamal Dean,[1] who had been convicted of numerous federal charges related to theft, interference with commerce and the illegal use of firearms. At the conclusion of the sentencing hearing, the Honorable Mark W. Bennett sentenced Dean to a term of life in prison. *See* CR13-4082-MWB. During the hearing, an Assistant United States Attorney (AUSA) asked Ramos about events that allegedly took place on March 20, 2012. Ramos stated he did not remember anything about that day, which allegedly contradicted his prior statements. Specifically, the Government contends that Ramos previously stated that he had incriminating interactions with Dean on that date. Both the AUSA and Judge Bennett questioned Ramos about his claimed memory lapse, but Ramos maintained that he neither remembered the day at issue nor being asked about that day by the AUSA prior to the sentencing. The Government subsequently charged Ramos with three counts of perjury based on his testimony during Dean's sentencing hearing.

In his motion to dismiss the indictment, Ramos argues:

> Defendant's testimony or lack of testimony was not material in this criminal sentencing or its ultimate outcome. It would not have changed the amount of time to which Jamal Dean was sentenced. The Court had enough information to sentence Jamal Dean for life for the shooting of the police officer. Anything that Defendant would have testified to would not have resulted in a different sentence for Jamal Dean. The Government cannot claim they were prejudiced here. They cannot claim as a matter of law that the questions asked or that the proposed answers to be given were material.

---

[1] Concurrent with the prosecution of Dean, the Government prosecuted Ramos on a number of charges related to drugs and firearms. *See* CR12-4101-MWB. Ramos plead guilty to two counts and was sentenced to 180 months incarceration. *Id*. at Doc. No. 48.

4

> *See United States v. Edmondson*, 410 F.2d 670 (1969 5th Cir.) . . . In federal courts the issue of materiality of the alleged perjury is for the court and not the jury. . . Once this Court reviews the sentencing transcript as a whole, it will be clear there is no perjury as a matter of law.

Doc. No. 13 at 1, 4. Judge Scoles set out the proper legal standard regarding who decides materiality in a perjury case and stated:

> Defendant's assertion that "[i]n federal courts the issue of materiality of the alleged perjury is for the court and not the jury" is incorrect. In *United States v. Gaudin*, the United States Supreme Court held "[t]he Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged. The trial judge's refusal to allow the jury to pass on the 'materiality' of Gaudin's false statements infringed that right." 515 U.S. 506, 522-23 (1995). In *Johnson v. United States*, the Supreme Court reiterated its position, holding "there is no doubt that materiality is an element of perjury under § 1623. . . . *Gaudin* therefore dictates that materiality be decided by the jury, not the court." 520 U.S. 461, 465 (1997). In *United States v. Ferro* [252 F.3d 964, 967-68 (8th Cir. 2001)], the Eighth Circuit Court of Appeals [explained] that in *Gaudin*: "the Supreme Court held that, when materiality is an element of a criminal fraud offense, the question of materiality must be submitted to the jury" . . . Defendant asserts, however, that under the "peculiar facts" of this case, the issue of materiality is one for the Court. In arguing that his testimony at Dean's sentencing was not "material," Defendant notes that Judge Bennett ultimately sentenced Dean to life imprisonment. That is, even if Defendant testified falsely at the sentencing hearing, "it did not change the outcome in the Jamal Dean case. Since it did not change the outcome, it was not material." Defendant concedes in his response to the Government's resistance that "(h]ad Judge Bennett given Jamal Dean a 30 year sentence because of a lack of convincing evidence then perhaps the Government's filing of perjury charges would carry some weight. " . . . Defendant's argument misses the mark. The issue is not whether Defendant's testimony actually influenced Judge Bennett's sentencing decision; the issue, rather, is whether the testimony was capable of influencing Judge Bennett's decision. *Sablosky*, 810 F.2d at 169 (The test for materiality is "whether the alleged false testimony was capable of influencing the tribunal on the issue before it.") . . . I believe the materiality of Defendant's allegedly false statements at Jamal Dean's sentencing hearing cannot be determined

5

as a matter of law by the Court. Defendant is not entitled to summary dismissal and his motion to dismiss should be denied.

Doc. No. 30 at 5-7.

## IV. DISCUSSION

### A. *Ramos' Objections*

Ramos objects to Judge Scoles' finding and argues that the indictment should be dismissed. Doc. No. 35. Ramos does not object to Judge Scoles' legal conclusion that materiality is an issue for the jury, but argues materiality must be "actual" as opposed to possible or probable. Ramos states that a conviction based upon "possible materiality" would be unconstitutional. Ramos "[p]rays the Court reverse the Report and Recommendation of Judge Scoles and find that materiality is an element of a perjury crime and not a hypothetical scenario." Doc. No. 35 at 3.

### B. *Materiality*

To commit the crime of perjury in violation of 18 U.S.C. § 1623, a defendant must lie under oath in court and that lie must be material. *United States v. Hirsch*, 360 F.3d 860, 863 (8th Cir. 2004). Ramos' original argument was that the indictment should be dismissed because materiality must be decided by the court and that in this case, his alleged lies were not material. Ramos argued that because Dean received the maximum possible sentence despite Ramos' alleged lies, the Government cannot prove that those alleged lies had a material effect on the sentencing proceedings.

Judge Scoles determined that materiality is an issue for the jury, not the court. Judge Scoles found that because the Government alleged materiality, and the indictment's allegations must be accepted as true for purposes of a motion to dismiss, the issue of whether Ramos' alleged lies were "material" is reserved for the jury. Upon my de novo review, I find that Judge Scoles was correct. As such, I adopt his analysis of that issue.

In his objection, Ramos seemingly concedes that his original argument was wrong and instead argues about the definition of "material." Specifically, he argues that the Government must prove his alleged lies actually affected how Judge Bennett sentenced Dean and that the Government cannot possibly do so because Judge Bennett sentenced Dean to life in prison. By contrast, Judge Scoles found that the appropriate materiality standard is whether the alleged lies could be material, meaning that the Government need only prove that they were capable of affecting the sentencing. Doc. No. 30 at 7

While Judge Scoles' legal conclusion is on solid footing,[2] Ramos' motion is not the appropriate procedural mechanism to address the definition of "material." As noted above, a motion to dismiss an indictment is not a chance for the court to weigh the facts of a case. In fact, the Eighth Circuit Court of Appeals has held that this kind of motion to dismiss a perjury charge is inappropriate. *See Hirsch*, 360 F.3d at 863 (affirming the trial court's denial of defendant's motion to dismiss indictment and stating that the "motion to dismiss amounted to no more than a request for the court to determine his guilt or innocence based on factual elements of the offense which were within the purview of the jury to decide at trial."). Each count of the indictment alleges the elements of the offense of perjury pursuant to 18 U.S.C. § 1623. Whether or not the Government can prove Ramos committed the charged offenses is a question for the jury. Accordingly, Ramos' motion to dismiss must be denied.[3]

---

[2] The standard in the Eighth Circuit is "'whether or not the statements alleged to be perjurious tend to impede or hamper the course" of the proceeding.' [*United States v. Blanton,* 281 F.3d 771, 775 (8th Cir. 2002)] (internal citations and quotations omitted). 'the statements need not be material to any particular issue, but may be material to any proper matter of inquiry.' *United States v. Ostertag*, 671 F.2d 262, 264 (8th Cir. 1982)." *Hirsch*, 360 F.3d at 865.

[3] Ramos makes a conclusory statement – without argument or citations to authority – that the materiality standard advocated by the Government would be unconstitutional as applied to him in this case. Doc. No. 35 at 3. Ramos and his counsel are free to spend time between now and trial developing an actual, supported argument on this point.
.

7

## V.   CONCLUSION

For the reasons set forth herein:

1. Ramos' March 14, 2016, objections (Doc. No. 35) to the magistrate judge's report and recommendation are **overruled**;
2. I **accept** Chief United States Magistrate Judge Scoles' report and recommendation (Doc. No. 30) without modification. *See* 28 U.S.C. § 636(b)(1).
3. Pursuant to Judge Scoles' recommendation, Ramos' motion (Doc. No. 13) to dismiss the indictment is **denied**.

**IT IS SO ORDERED.**

**DATED** this 22nd day of March, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE